# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICARDO VERNAIR DODSON,**

    **Plaintiff,**

    v.

    Case No. 2:18-cv-908
    Judge George C. Smith
    Magistrate Judge Elizabeth P. Deavers

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Ricardo Vernair Dodson, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), Tracy Thalheimer, Chair of the Ohio Adult Parole Authority ("APA"), individual members of the Ohio Adult Parole Board ("OPB"), Chrystal P. Alexander, Administrator of the Office of Victim Service ("OVS"), and ODRC. (ECF No. 5.) On August 22, 2018, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 3.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** some of Plaintiff's claims as follows and that the remaining claims be permitted to proceed.

1

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
>    (B) the action or appeal--
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Plaintiff was convicted in 1991 for kidnapping and rape and

3

sentenced to a prison term of 56 to 130 years. (ECF No. 5, ¶ 11.) Following his incarceration in 1991, Plaintiff appeared before the OPB for parole on seven occasions in 2000, 2005, 2006, 2009, 2012, 2015, and 2018. (*Id*. at ¶ 16.) Plaintiff was denied parole on each of these occasions and each time he was given written notice of the decision and the reasons for the denial. (*Id*. at ¶¶ 16–41, 57–73.) Plaintiff's next parole hearing is set for July 1, 2021. (*Id*. at ¶¶ 57, 70.)

Plaintiff contends, however, that he obtained a copy of his parole file on September 22, 2017, and discovered different reasons for denying parole than the ones previously given and discovered false information in his parole file:

> 45). On September 22, 2017, after review of parole file, Plaintiff discovered, for the first time, that the grounds listed for parole denial in the OPB Decision and Minute forms in sections 3(B) are completely different that the OPB CONFIDENTIAL VOTE SHEET FORMS listing information/report considered and relied on in determining parole eligibility/suitability, thus, used to deny parole.
>
> 46). Plaintiff assets that upon review of the parole file he learned for the first time that his parole file contained erroneous information, false report, listed crime which he was not convicted for, and/or incorrect-inaccurate information, that was relied on by the board [OPB] in consideration and/or denial of parole.

(*Id*. at ¶¶ 45–46; *see also* ¶¶ 47–56 (detailing false information).)

Plaintiff alleges that because of Defendants' "wrongful acts" he "has been denied a meaningful statutory parole eligibility/Suitability [sic] hearing for [] 19-years with no chance of parole in site [sic] with the false information in the parole filing being relied on." (*Id*. at ¶ 74.) Plaintiff further alleges that "Defendants have increased the length of incarceration by fabricating false reports and/or information and then relying on that information in considering parole." (*Id*. at ¶ 75.)

Plaintiff names as Defendants in the Complaint Gary C. Mohr, Director of ODRC, Tracy Thalheimer, APA Chair, individual members of the OPB, Chrystal P. Alexander, Administrator of the Office of Victim Service, and ODRC, and names these individual Defendants in their

4

official and individual capacities. (*Id*. at caption and ¶¶ 1, 7–9.) Plaintiff asserts violations of his rights under Fourteenth Amendment to the United States Constitution (denied Plaintiff a "meaningful statutory mandated parole eligibility/suitability hearing by knowing[ly] fabricating and relying on false reports in" denying parole (*id*. at ¶¶ 80–90), by changing Plaintiff's "statutory minimum parole eligibility date beyond the prescribed 10-year minimum" (*id*. at ¶¶ 110–16), and by Defendant Chrystal P. Alexander intentionally withholding "documentation that would have been beneficial in the determination of suitability/eligibility for parole" (*id.* at ¶¶ 130–37)); Sixth Amendment (increased "parole eligibility statutory minimum based on judicial findings of fact that are not reflected in the jury verdict . . . or admitted by the Plaintiff") (*id*. at ¶¶ 91–109); First Amendment (retaliated for "lodging verbal grievance against prison employee for misconduct and harassment") (*id*. at ¶¶ 119–29). Plaintiff also asserts a claim for civil conspiracy. (*Id*. at ¶¶ 138–44 (alleging that Defendants conspired to violate his Constitutional rights through their actions outlined in Plaintiff's other claims).) Plaintiff seeks injunctive relief, including a new parole hearing, immediate release from prison, the removal of alleged false reports from his parole file, permission for appointed counsel to attend hearings, and "parole file and records" to be made available to appointed counsel; compensatory and punitive damages; and a declaration that Plaintiff "is entitled to a meaningful eligibility-suitability parole hearing based on judicial facts found by a jury beyond a reasonable doubt or admitted to by Plaintiff." (*Id*. at ¶¶ 146–55.) Plaintiff's claims are addressed in turn.

**A.     Claims Against ODRC and Against the Individual Defendants in Their Official Capacities for Damages**

As a preliminary matter, Plaintiff has failed to state plausible claims for relief against ODRC and against the individual Defendants in their official capacities for damages. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court

5

jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC and of his claims for damages against the individual Defendants in their official capacities is appropriate. *See Puckett v. Lexington-Fayette Urban Cty. Gov't,* 833 F.3d 590, 598 (6th Cir. 2016) (stating that immunity applies to state officials sued in their official capacity for money damages because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' *i.e.*, against the state itself") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

**B.     Claims Challenging the Duration of Plaintiff's Incarceration**

Plaintiff alleges that "[t]he Defendants have increased the length of incarceration by fabricating false reports and/or information and then relying on that information in considering

6

parole" and seeks, *inter alia*, an "[i]njunction [o]rdering Defendants to grant an immediate release from incarceration." (ECF No. 5, ¶¶ 75, 147.) Although Plaintiff styles this case as a civil rights action under 42 U.S.C. § 1983, to the extent he is challenging the fact or duration of his confinement, Plaintiff must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for a prisoner who seeks immediate or speedier release from confinement."). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck*, 512 U.S. at 487. Here, Plaintiff challenges, *inter alia*, the duration of his incarceration and seeks, *inter alia*, immediate release from prison, which would necessarily implicate the validity of his conviction. A judgment for Plaintiff on these claims, therefore, would necessarily undermine his criminal conviction. Consequently, to the extent he challenges the duration of his conviction and seeks immediate release from prison, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

**C.     Sixth Amendment Claims**

Plaintiff alleges that Defendants violated his rights to a trial by jury under the Sixth Amendment to the United States Constitution when Defendants made "judicial findings of fact" "not found by a jury or admitted to by Plaintiff" and Defendants relied on those findings during his parole hearings. (ECF No. 5, ¶¶ 90–109.) According to Plaintiff, under *Alleyne v. United*

---

[1] The Court notes that Plaintiff has already sought post-conviction relief, including *habeas corpus* relief, in federal court. Plaintiff was denied relief and the United States Supreme Court declined to issue a writ of certiorari. *Dodson v. Leonard*, No. 2:97-cv-1336, ECF No. 22.

7

*States*, 570 U.S. 99 (2013), "judicial factfindings [sic] that increases [sic] the mandatory minimum sentence violates the Sixth Amendment." (*Id*. at ¶ 96.) Plaintiff asserts that "statutory conditions of parole eligibility are part of the punishment of the crime. Thus, any fact that is necessary to determine a prisoner's parole eligibility or ineligibility must be submitted to a jury and found beyond a reasonable doubt." (*Id*. at ¶ 97.) Plaintiff therefore alleges that "it was illegal and unconstitutional for Defendant [sic] to rely on these judicial finding [sic] of facts to deprive Plaintiff of his parole eligibility / suitability in violation of the United States Supreme Court holding set forth in **Alleyne**[.]" (*Id*. at ¶ 108 (emphasis in original).)

Plaintiff's assertions are not well taken. As an initial matter, the Sixth Amendment states that it applies "[i]n all criminal prosecutions[.]" Parole proceedings do not equate to criminal prosecutions. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution. . . . "); *Morrissey v. Brewer*, U.S. 471, 480 (1972) ("We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense."). Accordingly, Plaintiff's argument about fact finding is inapplicable to parole proceedings. *Id*.; *see also Robinson v. Gonzalez*, No. CV 12–91, 2012 WL 1642633, at *6 (C.D. Cal. May 3, 2012) ("At petitioner's parole suitability hearing, however, he was not constitutionally entitled to a jury trial or to proof beyond a reasonable doubt."); *cf. United States v. Johnson*, 356 F. App'x 785, 791 (6th Cir. 2009) (noting that parole arises after the end of a criminal prosecution, collecting cases, and stating that "in light of these precedents, supervised-release-revocation proceedings do not require an indictment, the beyond-a-reasonable-doubt standard, or a jury trial").

Moreover, to the extent Plaintiff challenges the manner of determining his parole eligibility, he must file a habeas petition under 28 U.S.C. § 2241. *See*, *e.g.*, *Young v. Quintana*,

No. 5:17-126, 2017 WL 4979127, at *3 (E.D. Ky. Oct. 31, 2017) ("A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility."). Moreover, *Alleyne* does not apply retroactively and, therefore, is inapplicable where, as here, judgment of sentence in 1991 is final and there is no allegation that the case is still pending on direct review. *See*, *e.g.*, *Rogers v. United States*, 561 F. App'x 440, 443–44 (6th Cir. 2014) ("However, the constitutional rules of criminal procedural adopted in *Alleyne* and *Peugh* are not applicable on collateral review of Rogers's sentence, because the judgment became final before the [Supreme] Court's decisions in *Alleyne* and *Peugh*."); *Tighe v. Berghuis*, No. 16–2435, 2017 WL 4899833, at *3 (6th Cir. Apr. 21, 2017) ("[T]he holding in *Alleyne* is not retroactively applicable to cases on collateral review[.]") (citations omitted)). Finally, in *Alleyne*, the Supreme Court of the United States held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 103. Plaintiff, however, overstates or misconstrues this holding and asserts that *Alleyne* requires that any fact necessary to his parole eligibility or ineligibility must be submitted to a jury. (ECF No. 5, ¶¶ 96–97.) Plaintiff's reliance on *Alleyne* in this regard is therefore inapposite. *See Alleyne*, 570 U.S. at 103. For all of these reasons, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983 to the extent Plaintiff asserts claims under the Sixth Amendment.

### D. Civil Conspiracy Claims

Plaintiff also asserts state-law civil conspiracy claims, alleging that Defendants conspired to violate his constitutional rights. (ECF No. 5, ¶¶ 138–44.) State employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties

"unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. However, the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 . . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Defendants may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

**E.     First Amendment Retaliation Claims**

Plaintiff alleges that Defendants Alicia Handwerk, Ron Nelson, Jr., Tracy L. Reveal, Shirley A. Smith, and Ellen Venters violated his First Amendment rights by retaliating against Plaintiff. (ECF No. 5 at ¶¶ 119–29.)

Retaliation based on an inmate's exercise of his or her constitutional rights violates the Constitution. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The three elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850 at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus–X*, 175 F.3d at 394) (internal quotes omitted).

Plaintiff alleges that he engaged in the following protected conduct:

(1) Lodging a verbal complaint against staff for harassment and reporting misconduct.

(2) Being terminated from the Comprehensive Sex Offender Treatment Program and/or for failure to complete the program.

(ECF No. 5 at ¶ 120.) Plaintiff specifically alleges that Defendants Handwerk, Nelson, Reveal, Smith, and Venters violated his rights by retaliating against him as follows:

(1) Refusing to refer Plaintiff a second time to the Comprehensive Sex Offender Treatment Program while knowing that the only way Plaintiff can take the program is by way of referral pursuant to DRC Policy 67-MHN-12.

(2) Refusing to make a referral while at the same time making participation and completion a prerequisite for parole suitability.

(3) Knowing [sic] relying on false reports and information relating to the Termination from the Comprehensive Sex Offender Treatment program.

(*Id.* at ¶ 121.)

The Undersigned finds that Plaintiff's First Amendment retaliation claim against Defendants Handwerk, Nelson, Reveal, Smith, and Venters may proceed at this time, but expresses no opinion as to whether Plaintiff may ultimately prevail on these claims.

**F.    Fourteenth Amendment Due Process Claims**

Plaintiff alleges that Defendants violated his rights under Fourteenth Amendment by denying him a meaningful parole eligibility / suitability hearing in different ways, which are addressed as follows.

**1.    Relying on false reports**

Plaintiff first contends that Defendants violated his Fourteenth Amendment rights by denying him a "meaningful statutory mandated parole eligibility/suitability hearing by knowing[ly] fabricating and relying on false reports in" denying parole. (*Id.* at ¶¶ 80–90.)

11

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Because Plaintiff seeks to establish a due process violation relating to Defendants' consideration of his parole eligibility, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012).

However, while an Ohio inmate has no liberty interest in parole, "the Ohio Supreme Court has held that inmates do have a right to accurate parole records, requiring that parole decisions not be made in reliance on information that the Parole Board knows to be inaccurate or has reason to know is inaccurate." *Kinney v. Mohr*, No. 2:13-cv-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015) (citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 380 (2014)). Accordingly, "knowing reliance on false information in a parolee's file, which the Parole Authority has no discretion to do under state law, can constitute a due process violation." *Id.*; *see also Jergens*, 492 F. App'x at 571 n.5 ("Neither this decision nor any binding circuit precedent, however, forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file— could constitute a due-process violation."). Therefore, based on the present record, the Undersigned concludes that Plaintiff's Fourteenth Amendment claims based on Defendants'

reliance on false reports in denying parole may proceed at this time. However, the Court expresses no opinion as to whether Plaintiff may ultimately prevail on the merits of these claims.

**B.      Changing Plaintiff's statutory minimum parole eligibility**

Plaintiff next alleges that Defendants denied him a meaningful parole eligibility / suitability hearing by changing his "statutory minimum parole eligibility date beyond the prescribed 10-year minimum." (*Id*. at ¶¶ 110–16). Plaintiff apparently asserts that by denying him parole, Defendants impermissibly extended his minimum sentence. (*Id*.) Plaintiff, however, is misstating the effect of what happened with his sentence and parole eligibility. While Plaintiff may have a parole hearing, he is not entitled to be released on parole. *See* Ohio Rev. Code § 2967.13; *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth*., 929 F.2d 233, 235 (6th Cir. 1991) ("The law of Ohio gives a convicted person no legitimate claim of 'entitlement' to parole before the expiration of a valid sentence of imprisonment."); *Parsons v. Ohio Adult Parole Auth*., No. 5:04-cv-2531, 2005 WL 1123474, at *4 (N.D. Ohio Mar. 30, 2005) ("A prisoner has no constitutional right to be released at his earliest parole eligibility date or at any time prior to the expiration of his maximum sentence.").

As previously discussed, Plaintiff alleges that he was sentenced in March 1991 "to an indeterminate sentence of 56 to 130 years" and that he "was sentenced to a statutorily based parole eligibility/suitability hearing within 10-years, respectively in March of 2000." (ECF No. 5, ¶¶ 11–12.) In other words, Plaintiff acknowledges that he was eligible for only a parole hearing in 2000, not that he was entitled to be released, in 2000. (*Id*.; *see also* Ohio Rev. Code § 2967.13.) Plaintiff goes on to admit that he appeared for a parole hearing in 2000. (*Id*. at ¶ 16.) Plaintiff, by his own admission, has therefore received the parole hearing to which he contends he was entitled. Defendants therefore did not impermissibly extend his "minimum parole

eligibility date." *Cf.* Ohio Rev. Code § 2967.13; *Inmates of Orient Corr. Inst.*, 929 F.2d at 235; *Parsons*, 2005 WL 1123474, at *4. Accordingly, Plaintiff has not stated a claim based on Defendants allegedly changing his statutory minimum parole eligibility date.

C. **Defendant Alexander's intentional withholding of documentation**

Plaintiff further alleges that Defendant Alexander, Administrator for OVS, denied him a meaningful parole eligibility / suitability hearing by "intentionally" withholding "documentation that would have been beneficial in the determination of suitability/eligibility for parole[.]" (ECF No. 5, ¶¶ 130–37.) While a prosecutor's withholding of exculpatory information violates the Due Process Clause, *see Brady v. Maryland*, 373, U.S. 83 (1963), the Undersigned is unaware of a parallel violation arising from OVS purportedly withholding such information in the context of a parole hearing. *Cf. Dewulf v. McKee*, No. 11–14603, 2015 WL 1197547, at *10 (E.D. Mich. Mar. 16, 2015) ("Moreover, the language from *Brady* and other Supreme Court decisions suggests that the right to exculpatory evidence is a *trial* right.") (emphasis added) (citations omitted). Notably, Plaintiff does not allege that Defendant Alexander by virtue of her administrative position with OVS has a duty to provide information "beneficial" to Plaintiff at his parole hearings. (*See* ECF No. 5, ¶¶ 130–37.) Indeed, OVS was created to "provide assistance to victims of crime, victims' representatives . . ., and members of the victim's family." Ohio Rev. Code § 5120.60(A), (B). Nothing in this language requires OVS to provide information "beneficial" to an inmate at the time of a parole hearing. For these reasons, Plaintiff has failed to state a claim based on Defendant Alexander's alleged withholding of information beneficial to Plaintiff.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that the following claims be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to state a claim on which relief may be granted or for seeking monetary relief from a defendant who is immune from relief:

(1) Claims against the ODRC;

(2) Claims for money damages against the individual Defendants in their official capacities;

(3) Claims challenging the duration of Plaintiff's incarceration;

(4) Sixth Amendment claims;

(5) Civil conspiracy claims;

(6) Fourteenth Amendment claims based on changing Plaintiff's statutory minimum parole eligibility date; and

(7) Fourteenth Amendment claim against Defendant Chrystal Alexander for intentionally withholding information beneficial to Plaintiff.

It is **FURTHER RECOMMENDED** that the following claims may proceed at this time:

(1) First Amendment retaliation claims against Defendants Alicia Handwerk, Ron Nelson, Jr., Tracy L. Reveal, Shirley A. Smith, and Ellen Venters;

(2) Fourteenth Amendment claims based on false reports when Plaintiff's parole was denied.

While these claims may proceed at this juncture, the Undersigned expresses no opinion as to whether Plaintiff may ultimately prevail on the merits of these claims.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: September 20, 2018               /s/ *Elizabeth A. Preston Deavers*
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE