# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICARDO VERNAIR DODSON,**

    **Plaintiff,**

vs.

    Case No.: 2:18-cv-908
    JUDGE GEORGE C. SMITH
    Magistrate Judge Ovington

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

## ORDER

On December 9, 2019, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (*See Report and Recommendation*, Doc. 31). The parties were advised of their right to object to the *Report and Recommendation* and of the consequences of their failure to do so. This matter is now before the Court on Plaintiff's objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 34) and Defendants' objections to the *Report and Recommendation*. (Doc. 37).[1]

**A.**     **Plaintiff's Objections to the** *Report and Recommendation*

Plaintiff first objects to the dismissal of his retaliation claim arguing that the "Magistrate Judge did not review and consider each claim/issued raised relating to the retaliation claim."

---

[1] In addition to filing his objections, Plaintiff has filed a Motion for the Clerk to Provide Notice of his filing of objections (Doc. 35) and a Motion to Amend/Correct the Record of the date which Plaintiff filed his Objection (Doc. 38). The Court cannot alter the docket filing dates, however, Plaintiff's objections are considered timely filed. These Motions will be denied as moot. Defendants also filed a Motion for Extension and despite never being ruled on, filed their objections on the requested date. That Motion (Doc. 32) is also denied as moot.

(Doc. 34 at 1). Plaintiff acknowledges that the Magistrate Judge addressed claim one (reporting staff misconduct to the parole panel), however, he argues that "the magistrate did not address claims 2 and 3 (Retaliation for being terminated and failure to complete the program) prior to recommending dismissal of the entire retaliation claim." (Doc. 34 at 2).

The Magistrate Judge in the *Report and Recommendation* grouped Plaintiff's retaliation claims together and ultimately found that collateral estoppel precluded him from relitigating the issue again. In Plaintiff's previous case, the Sixth Circuit found that Plaintiff's First Amendment retaliation claim was properly dismissed because he had not engaged in protected conduct. That remains the case here with his new allegations in the Complaint. Plaintiff has failed to allege that he engaged in constitutionally protected conduct and therefore his retaliation claim fails.

Plaintiff also objects to the dismissal of his Fourteenth Amendment claims on the basis that "there is no practical method of separating out what information was in the parole file before the July 2018 parole hearing." The Magistrate Judge reasoned that "[t]he clock cannot be turned back to those parole denials to provide him with relief connected to a Fourteenth Amendment violation that might, might not, have occurred then." (Doc. 31 at 18). The Court agrees with the Magistrate Judge that if Plaintiff were to prevail on this claim, the remedy would be correction of his current parole record and a new parole hearing, therefore dismissal of Plaintiff's claims concerning the Parole Board's pre-July 2018 decisions to deny him parole is justified.

Finally, Plaintiff objects to the Magistrate Judge's failure to consider his substantive due process claim. Plaintiff asserts that he raised this claim in his Complaint and in response to Defendant's Rule 12(b)(6) Motion. The Court has carefully reviewed Plaintiff's Complaint and there is no enumerated count for violation of his substantive due process rights. Therefore, the

claim was not properly before the Court and there was no error by the Magistrate Judge in failing to address it. To the extent Plaintiff has pled such a claim, it will be adequately addressed with Plaintiff's Fourteenth Amendment claim. Therefore, Plaintiff's objections are overruled.

**B.     Defendants' Objections to the Report and Recommendation**

Defendants object to the Magistrate Judge's recommendation of denial of dismissal on Plaintiff's Fourteenth Amendment claims. Specifically, Defendants assert the Magistrate Judge applied the incorrect standard in expecting evidentiary support for Defendants' arguments and that Plaintiff failed to allege a constitutional violation and has not met his burden of showing that he was denied "meaningful consideration of parole. (Doc. 37).

First, with respect to the discussion in the Report and Recommendation regarding reference to the record, documents in the parole file, or other evidentiary matters, the Court agrees that any such requirement is not appropriate for consideration of a Rule 12(b)(6) Motion. However, any such reference was harmless.

Next, Defendants argue that Plaintiff has failed to show that he was denied a meaningful consideration of parole and therefore establishing a constitutional violation. The Court agrees that there is no constitutional or statutory right to release on parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998). However, the Court is presently only charged with consideration of whether Plaintiff has sufficiently alleged facts to maintain a claim. Here, Plaintiff has alleged that there may be substantive errors in his records and Defendants have not disputed this. Therefore, at this stage in the proceedings, the Magistrate Judge correctly concluded that Plaintiff has sufficiently pled a claim for violation of his Fourteenth Amendment rights. Accordingly, Defendants' objections are overruled.

Therefore, for the reasons stated in the Magistrate Judge's *Report and Recommendation*, this Court finds that Plaintiff's and Defendants' objections are without merit and are hereby **OVERRULED**. The *Report and Recommendation*, Document 31, is hereby **ADOPTED** and **AFFIRMED**. Defendants' Motion to Dismiss is hereby **GRANTED IN PART AND DENIED IN PART**. It is hereby Ordered that:

1. Defendant's Motion to Dismiss (Doc. #22) be **GRANTED** in part, and Plaintiff's First-Amendment retaliation claim against Defendants Alice Handwerk, Ron Nelson, Jr., Tracy L. Reveal, Shirley A. Smith, and Ellen Venters be **DISMISSED**; Plaintiff's claims against Defendant Mohr be **DISMISSED**; and Defendant Chrystal Alexander be **DISMISSED** as a party in this case;

2. Defendant's Motion to Dismiss (Doc. #22) be **GRANTED**, in part, and Plaintiff's Fourteenth-Amendment claims concerning the decisions denying him release on parole before July 2018 be **DISMISSED**;

3. Defendant's Motion to Dismiss (Doc. #22) be **DENIED** as to Plaintiff's Fourteenth-Amendment claim concerning his parole record and the July 2018 decision denying him release on parole;

4. Plaintiff's Motion to Strike, Deny, or Ignore Defendants' Motion to Dismiss (Doc. #24) be **DENIED**;

5. Defendants be **ORDERED** to respond to Plaintiff's Request for Reconsideration and Permission for Leave to File an Amended Complaint (Doc. #27); and

6. Plaintiff's Request for a Report and Recommendation (Doc. #28) be **DENIED** as moot.

The Clerk shall remove Documents 22, 24, 28, 31, 32, 34, 35, and 38 from the Court's pending motions list.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**