# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICARDO VERNAIR DODSON, | : | Case No. 2:18-cv-908 |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge George C. Smith |
| | : | Magistrate Judge Sharon L. Ovington |
| GARY C. MOHR, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is presently pending upon Plaintiff's Motion For Leave To Amend Complaint (Doc. #27), Defendants' Memorandum in Opposition (Doc. #33), Plaintiff's Reply (Doc. #36), and the record as a whole.

Plaintiff seeks leave to amend his Complaint to add as Cynthia Mausser, a former Ohio Adult Parole Board Member, as a defendant. Plaintiff also seeks to raise new allegations concerning the personal involvement of many Defendants in violations of his constitutional rights.

Defendants contend that Plaintiff's Motion lacks merit because his proposed amendments are futile in nature.

Leave to amend a pleading "should be freely granted when justice requires," Fed. R. Civ. P. 15(a)(2), unless the proposed amendments would be futile "such as when the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

amended complaint cannot survive a motion to dismiss." *United States ex rel. Ibanez v. Bristol-Myers Squibb Company*, 874 F.3d 905, 917 (6th Cir. 2017). "As a result, the dispositive question … is whether [the] proposed second amended complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (quoting, in part, *D'Ambrosio v. Marino,* 747 F.3d 378, 383 (6th Cir. 2014) (internal quotation marks omitted)). The previous discussion of the plausibility standard under Fed. R. 12(b)(6) is incorporated by reference herein. *See* Doc. #31, *PageID* #s 396-97.

Plaintiff's proposed additional claims against Cynthia Mausser concern her alleged actions when presiding over his parole hearings in 2006, 2009, 2012. He alleges that Mausser denied him a meaningful Parole hearing in each of these years by knowingly relying on false information and reports in his parole file to deny him release on parole. He further asserts that Mausser failed to provide him with written notice of the true grounds, facts, reports, information, and evidence upon which the Parole Board relied when denying him parole. And he maintains that Mausser "intentionally withheld the reports/information relied on to deny parole in violation of…," Ohio Administrative Law. (Doc. #27, *PageID* #350-51).

The claims Plaintiff raised in his original Complaint concerning his pre-July 2018 parole file, parole hearings, and denials of parole were previously dismissed from this case. His new allegations concerning Mausser relate to his pre-July 2018 parole file, parole hearings, and denials of parole. These claims fail to withstand Rule 12(b)(6) review for the same reasons his original pre-July 2018 claims were dismissed. *See* Doc.

2

#31, *PageID* #s 402-10; Doc. #39, *PageID* #470. As a result, Plaintiff's proposed amendment to his Complaint to add claims against Mausser would be futile.

Plaintiff also requests leave to add allegations concerning actions taken by Defendants Tracy Thalheimer, Ellen Venters, Ron Nelson, Jr., Alicia Handwerk, Shirley A. Smith, Tracy L. Reveal, Kathleen Kovac, and R.F. Rauschenberg. Plaintiff contends that his new allegations show that each of these Defendants is personally liable for violating his constitutional right to a meaningful parole hearing.

Plaintiff again runs into the previous dismissal of his claims concerning his pre-July 2018 parole file, parole hearings, and denials of parole. These claims fail to withstand Rule 12(b)(6) review for the same reasons his original pre-July 2018 claims were dismissed. *See* Doc. #31, *PageID* #s 402-10; Doc. #39, *PageID* #470.

Plaintiff's proposed amendments also advance allegations these Defendants also concern their acts in connection with his July 2018 parole file, parole hearing, and denial of parole. Defendants contend that Plaintiff should not be allowed to amend his Complaint merely to add specific allegations to general claims he has already advanced in his original Complaint. They argue:

> The only real change is that Plaintiff is merely separating Defendants into separate paragraphs, indicating identical claims … previously included in his original Complaint. Further, the changes indicating that they were board members were already present in the original complaint. As such, these amendments offered are futile and meaningless and are not enough to indicate that 'justice so requires' Plaintiff to amend his Complaint. These proposed changes add nothing significant to Plaintiff's original Complaint and do not warrant a granting of a motion for leave to amend over nine (9) months after his original filing.

(Doc. #33, *PageID* #s 417-18).

The presence of more specific allegations raised by Plaintiff concerning Defendants knowledge and actions in connection with his July 2018 parole proceeding does not demonstrate that his amended Complaint would be futile. Instead, Plaintiff's more specific allegations, taken as true, support his plausible claim that Defendants Thalheimer, Venters, Nelson, Handwerk, Smith, Reveal, Kovac, and Rauschenberg personally engaged in conduct in connection with Plaintiff's July 2018 parole proceedings that violated his Fourteenth Amendment right to a meaningful parole hearing. *See* Doc. #27, *PageID* #s 369-78.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion For Leave To File Amended Complaint (Doc. #27) be GRANTED, in part, and Plaintiff be permitted to proceed with his Fourteenth Amendment claim asserting that Defendants Thalheimer, Venters, Nelson, Handwerk, Smith, Reveal, Kovac, and Rauschenberg personally engaged in conduct in connection with Plaintiff's July 2018 parole proceedings that violated his Fourteenth Amendment right to a meaningful parole hearing;

2. Plaintiff's Motion For Leave To File Amended Complaint (Doc. #27) be DENIED in remaining part;

3. The Clerk of Court be instructed to separately docket Plaintiff's proposed Amended Complaint as his First Amended Complaint; and

4. The case proceed under Plaintiff's only remaining claim under the Fourteenth Amendment concerning his July 2018 parole proceedings.

January 27, 2020
*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).