UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICARDO VERNAIR DODSON, | : | Case No. 2:18-cv-00908 |
| Plaintiff, | : : | District Judge Sarah D. Morrison |
| vs. | : : | Magistrate Judge Sharon L. Ovington |
| GARY C. MOHR, et al., | : : | |
| Defendants. | : : : | |

**ORDER**

**I.**

The discovery deadline in this case expired on April 27, 2020.  (Doc. No. 48).  An ongoing discovery dispute remained until the undersigned Judicial Officer issued an Order ruling, in part, on Plaintiff's First through Fourth Motions to Compel.  (Doc. No. 98).

Various motions are presently pending beginning with Plaintiff's Motion to Extend the September 25, 2020 Dispositive Motion Deadline and Defendants' Memorandum in Opposition.  (Doc. Nos. 82, 86, 93).  Plaintiff explains that he cannot file a dispositive motion until the ongoing discovery disputes have been resolved.  But the ongoing discovery disputes he refers to were resolved by the Order ruling on his four Motions to Compel.  (Doc. No. 98).  The previous discovery disputes therefore present no impediment to his ability to file a dispositive motion.  He will, however, be given additional time—**until November 20, 2020**—to file a dispositive motion.

Plaintiff also seeks a stay of Defendants' Motion for Summary Judgment due to the ongoing discovery disputes. (Doc. Nos. 87, 97). Defendants oppose granting him a stay. (Doc. No. 92). As explained in the previous paragraph, the ongoing discovery disputes Plaintiff refers to were resolved by the Order ruling on his four Motions to Compel. (Doc. No. 98). Those discovery disputes therefore present no obstacle to his ability to respond to Defendants' Motion for Summary Judgment. Plaintiff, however, will be given additional time—**until November 20, 2020**—to respond to Defendants' Motion for Summary Judgment. Plaintiff is placed on **NOTICE** that if he fails to timely respond to Defendants' Motion for Summary Judgment, **by November 20, 2020**, their Motion may be granted and his case dismissed.

## II.

Plaintiff contends that a stay of Defendants' Motion for Summary Judgment is needed because it is improper under Fed. R. Civ. P. 56(f) to grant summary judgment without allowing the responding party ample opportunity for discovery. (Doc. No. 87, PageID 905). He reasons that he—the responding party—has not been given an ample opportunity for discovery because the parties' discovery disputes remain pending. Again, however, the pending discovery disputes he refers to were resolved by the Order ruling on his four Motions to Compel. (Doc. No. 98).

Still, a question lingers: whether Plaintiff should be given additional time for discovery in light of his reliance on Rule 56(f). Plaintiff's aim is slightly off because the substance of former Rule 56(f) is now found in Rule 56(d). But Plaintiff is correct that Rule 56(d) presently applies because discovery is closed, because Plaintiff faces

Defendants' Motion for Summary Judgment, and because he filed two discovery motions after Defendants filed their Motion for Summary Judgment. (Doc. Nos. 88, 89).

To obtain discovery under Rule 56(d), a party opposing summary judgment must show by affidavit or declaration "that, for specified reasons, it cannot present facts essential to justify its opposition …." "The affidavit [or declaration] must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (citations omitted).

A court handling a Rule 56(d) motion "may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Plaintiff has filed a Motion for Subpoena Duces Tecum Directing Ohio Attorney General & Franklin County Prosecutor's Office to Produce Documents/Original Records of Case No. 90CR-11-5725. (Doc. No. 88). Defendants have not responded to it. Plaintiff asks the Court to require Defendants to produce one of his rape victim's mental-health records. He contends that those records may contain information not disclosed by the prosecution during his criminal trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and he argues that such evidence may entitle him to a new criminal trial. The constitutionality of Plaintiff's original criminal convictions is not at issue in the instant case, which has proceeded from the outset under 28 U.S.C. § 1983. "Claims that challenge the validity of a conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the conviction or sentence 'has been reversed on direct

3

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Noel v. Guerrero*, 479 F. App'x 666, 668-69 (6th Cir. 2012) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Consequently, Plaintiff's Motion for a Subpoena Duces Tecum (Doc. No. 88) concerning mental-health records from his state criminal proceedings lacks merit.

Plaintiff has also filed a Motion for Subpoena Duces Tecum Directing the Ohio Attorney General & Franklin County Child Support Enforcement Agency to Produce records from a paternity case in which he was a defendant.[1] (Doc. No. 89). Defendants did not respond to this Motion. Plaintiff maintains that the records from the paternity case will establish that another individual, not Plaintiff, is the father of a child born to one of his rape victims. This information connects to his claim that Defendants violated his right to due process by denying him parole in 2018 based on false or inaccurate information, including (in part) their incorrect belief that he had impregnated one of his rape victims. He explains in his Amended Complaint:

> Plaintiff submitted in [his] original complaint the Journal Entry from the Juvenile Court of Common Pleas dismissing a Paternity suit filed by the victim against the Plaintiff regarding establishing parent-child relationship. It was determined after blood testing that Plaintiff was excluded as the biological father and one Larry Stuckey was found to be 999.99 percent of being the father of said minor child. Therefore the case was dismissed against Plaintiff.
>
> Based upon the Journal Entry of dismissal, Plaintiff did not cause the victim to become pregnant causing the victim to give up the child for

---

[1] Plaintiff seeks documents from the paternity case brought against him and another individual in the Franklin County Court of Common Pleas, case number "D 92dp-12-11576 *Brenda Lee Mills vs. Larry Valaldo Stuckey & Ricardo Verian* [sic] *Dodson ....*" (Doc. No. 89) (italics added).

4

> adoption. Therefore, this information is false and considered/used to deny parole since 2009 until 2018 without Plaintiff knowing that the OPB [Ohio Parole Board] was using this false information to deny parole.

(Doc. No. 46, ¶s 49-50).

A review of the Journal Entry attached to Plaintiff's Complaint reveals that the paternity suit against him was dismissed without prejudice due the plaintiff's (the child's mother's) failure to prosecute (she did not show up for a hearing).[2] (Doc. No. 1, PageID 92). The Journal Entry contains no specific information supporting Plaintiff's current assertion that he was not the father of the child. Plaintiff, moreover, presents no explanation about why he did not seek a subpoena for this information much earlier in the case before the close of discovery. Although additional time for discovery under Rule 56(d) is given "almost as a matter of course…," it may be denied when "the non-moving party has not diligently pursued discovery of the evidence." *Doe v. City of Memphis*, 928 F.3d 481, 490-91 (6th Cir. 2019). Plaintiff did not diligently and specifically pursue the records from the paternity case because he has long known about their existence— arguably since 1993, *see* Doc. No. 89, PageID 917, but at latest since the date he filed his original Complaint in this case in 2018. A subpoena for those records is therefore unwarranted.

### III.

Lastly, in light of the Court's previous Order (Doc. No. 98), Plaintiff's Motion

---

[2]Plaintiff did not attach the Journal Entry to his Motion. (Doc. No. 89). He instead attached a related summons and letter neither of which supports his assertion that he is not the father of the child at issue in the paternity suit documented in the Journal Entry.

5

Requesting an Order of Enforcement Directing Magistrate Judge Ovington to Follow the August 17, 2020 Order Prior to Determining the Summary Judgment (Doc. No. 91) and his Motion Requesting a Ruling on His Pending July 14, 2020 Motion (Doc. No. 95) are denied as moot.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Extend the September 25, 2020 Dispositive Motion Deadline (Doc. No. 82) is GRANTED.  Plaintiff's response to Defendants' Motion for Summary Judgment and/or his dispositive motion are due by **November 20, 2020**.

2. Plaintiff's Motion to Stay (Doc. No. 87) is DENIED.  Plaintiff shall file his response to Defendants' Motion for Summary Judgment by **November 20, 2020**.

3. Plaintiff's Motion for Subpoena Duces Tecum Directing Ohio Attorney General & Franklin County Prosecutor's Office to Produce Documents/Original Records of Case No. 90CR-11-5725 (Doc. No. 88) is DENIED.

4. Plaintiff's Motion for Subpoena Duces Tecum Directing the Ohio Attorney General & Franklin County Child Support Enforcement Agency to Produce Records (Doc. No. 89) is DENIED.

5. Plaintiff has filed a Motion Requesting an Order of Enforcement Directing Magistrate Judge Ovington to Follow the August 17, 2020 Order Prior to Determining the Summary Judgment (Doc. No. 91) is DENIED.

6. Plaintiff's Motion Requesting a Ruling on His Pending July 14, 2020 Motion (Doc. No. 95) is DENIED.

October 26, 2020                              *s/Sharon L. Ovington*
                                              Sharon L. Ovington
                                              United States Magistrate Judge