UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICARDO VERNAIR
DODSON,

      Plaintiff,

  v.

GARY C. MOHR, *et al.*,

      Defendants.

:

:

:

Case No. 2:18-cv-908
Judge Sarah D. Morrison
Magistrate Judge Sharon L. Ovington

## OPINION AND ORDER

Plaintiff Ricardo Vernair Dodson, a state prison inmate proceeding without the assistance of counsel, brought this action under 42 U.S.C. § 1983 against a number of Defendants associated with the Ohio Department of Rehabilitation and Corrections ("ODRC") and the Ohio Adult Parole Authority ("OAPA" or "Parole Board"). On February 19, 2021, Magistrate Judge Ovington issued a Report and Recommendation recommending that summary judgment be entered in favor of Defendants on Mr. Dodson's sole remaining claim that, in July 2018, Defendants violated his constitutional right to meaningful parole consideration. (ECF No. 122.) Mr. Dodson filed his Objections to the Magistrate Judge's Report and Recommendation (Objs., ECF No. 127) and Defendants filed a Response (ECF No. 128). Mr. Dodson has since filed several supplemental motions, including a Motion for Leave to Supplement the Summary Judgment Record (ECF No. 125), a Motion for Leave to File Out of Time Reply and Objection to Defendants' April 16, 2021

Response to Plaintiff's Objections (ECF No. 130), and two motions related to a May 17, 2021 decision of the OAPA (ECF Nos. 131, 132).

For the reasons set forth below, the Court **OVERRULES** Mr. Dodson's objections (ECF No. 127) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 122).

## I. BACKGROUND

In 1991, Mr. Dodson was convicted of rape and, in a separate case, of kidnapping, rape, and attempted rape. (ECF No. 83-2, 1.) He was sentenced to "an indeterminate sentence of 56 to 130 years." (ECF No. 46, ¶ 12.) In 2000, and every three years since, Mr. Dodson has appeared before the Parole Board. On each occasion, he was denied parole.

Mr. Dodson's sole remaining claim centers on his July 2018 parole proceedings, and the resulting denial of parole. After the July 2018 proceedings, Mr. Dodson received a copy of the Parole Board's Decision and Minutes. (ECF No. 83-2, PAGEID # 869–70.) That document reflects the Parole Board's conclusions that:

> There is substantial reason to believe that the inmate [(Mr. Dodson)] will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under [Ohio's Administrative Code;]
>
> There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society.

(*Id.*, PAGEID # 869.) The Parole Board further reasoned:

> Inmate Dodson has been assessed as having an elevated risk for reoffending. Inmate Dodson's case is aggravated by the case-specific

2

> factors of violence, brutality, multiple occurrences, multiple victims, and extensive victimization. Inmate Dodson has completed some relevant programs to address his risk factors for reoffending; however, the serious nature of the crimes and the aggravated circumstances in the offenses do outweigh the efforts presented by inmate Dodson. The aggravating circumstances in this case lead the Board to concluded that release would demean the seriousness of the offenses and not further the interest of justice. After weighing relevant factors, the Board does not consider the Inmate suitable for release at this time and assesses a three year continuance.

(*Id.*) The Parole Board's Vote Sheet from that proceeding, which is not typically provided to the subject inmate, reflects some additional details related to the offense conduct, Mr. Dodson's criminal history, behavior and programming while incarcerated, release plan, offender change, general observations, and final action and rationale. (*Id.*, PAGEID # 871–73.)

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

Mr. Dodson makes the following objections to the Magistrate Judge's Report and Recommendation. The objections are presented as written and as numbered:

> A. The Magistrate Judge abused her discretion and erred as a matter of law where she erroneously-improperly failed to correctly apply the burden of proof standard as set forth in *State ex rel. Keith v. Ohio*

3

    *Adult Parole Authority*, 141 Ohio St. 3d 375 (2014) on the claim that Plaintiff kidnapped and raped a mental [sic] retarded female[.]

B. The Magistrate Judge abused her discretion and erred as a matter of law when she relied on clearly erroneous findings of fact, used hearsay statements, improperly applied the law, and used an erroneous legal standard in determining summary judgment on the claim that Plaintiff kidnapped and raped a mentally retarded white female[.]

C. The Magistrate Judge abused her discretion and erred as a matter of law where she ignored and/or refused to apply clearly established state and United States Supreme Court law in determining summary judgment on the claim that Plaintiff caused the victim to become pregnant with an African-American child resulting in placing the child up for adoption[.]

E. The Magistrate Judge abused her discretion and erred as a matter of law when she relied on clearly erroneous findings of fact, improperly applied the law, and used an erroneous legal standard in her review of Plaintiff's claim that the Parole Board in 2015 and 2018 relied on false information that community member(s) had previously objected to release on parole[.]

F. The Magistrate Judge abused her discretion and erred as a matter of law when she relied on clearly erroneous findings of fact in her review of Plaintiff's claim that his parole records falsely report that he was convicted of domestic violence[.]

G. The Magistrate Judge abused her discretion and erred as a matter of law when she relied on clearly erroneous findings of fact, improperly applied the law, and used and [sic] erroneous legal standard in her review of Plaintiff's claim that the denial of parole based on factors of violence, brutality was based on false information/reports[.]

H. The Magistrate Judge abused her discretion and erred as a matter of law when she relied on clearly erroneous findings of fact, failed to apply the correct legal standard, and disregarded the jury verdict in her review of Plaintiff's claim that the Parole Board relied on false information to deny parole based on violence and brutality.

I. The Magistrate Judge abused her discretion and erred as a matter of law where she intentionally failed to consider and analyze Plaintiff's claim Number #1 in his summary judgment arguing that he was denied meaningful and fair parole consideration where Defendants withheld and/or intentionally concealed, or failed to give Plaintiff notice of all the grounds considered to deny parole[.]

K.  The Magistrate Judge abused her discretion and erred as a matter of law here she failed to determine whether the Parole Board has the initial burden of proof to show with clear and convincing evidence that the grounds used to deny parole are supported by sufficient evidence of accuracy[.]

(Objs., *generally*.) The objections can be distilled into two general categories:

- The Magistrate Judge failed to consider Mr. Dodson's argument that Defendants violated his rights by "with[olding] and/or intentionally conceal[ing]" the basis for their decision.

- The Magistrate Judge failed to properly apply the law set forth in *Keith* and, thus, erred in finding that his parole record did not contain substantive errors of fact, as to:

    o  Past community objection to Mr. Dodson's release;

    o  Mr. Dodson's criminal history;

    o  Mr. Dodson's victim's intellectual disability;

    o  Mr. Dodson's victim's pregnancy following the rape and the paternity of the child born therefrom; and

    o  The nature of Mr. Dodson's crimes.

Upon a *de novo* review of the record, the Court finds Mr. Dodson's objections unpersuasive. They are addressed, in turn, below.

### A.  Mr. Dodson was fully informed of the basis upon which he was denied parole.

Mr. Dodson objects to the Magistrate Judge's Report and Recommendation on the basis that she "failed to consider and analyze his very first claim asserting: Plaintiff was denied menaingful [*sic*] and fair parole consideration where Defendants withheld/concealed the actual grounds and basis upon which parole was denied." (Objs., 17.) Mr. Dodson is correct that the Report and Recommendation

5

does not address this argument head on.[1] But the Court's work is not done. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his motions for summary judgment, Mr. Dodson asserts that the Decision and Minutes Sheet, which he admits having properly received after his 2018 parole hearing, does not reflect the content of the Vote Sheets, which he obtained in discovery. Specifically, he finds the following differences:

1. Offender Change – Dodson has limited insight into the commission of his crime.

2. Offender Change – Dodson lacks relevant programming.

3. Offender Change – Dodson lacks positive Offender Change.

4. Case-Specific Details (Prior Hrg. Notes—EWV) – Community members have objected to release in the past.

5. Observations – Insufficient time served on Conviction, Lacks insight, Lacks Programming.

6. Rationale – Dodson has not served sufficient time on his conviction in the interest of justice.

(ECF Nos. 109 and 110, 7 (citing ECF No. 81, PAGEID # 817).) Mr. Dodson further argues that even the Minutes Sheets did not disclose the following "ground[] for denial of parole":

> Plaintiff kidnapped and raped a mentally retarded white female causing her to become pregnant with an African-American child resulting in the victim placing the child up for adoption.

---

[1] Curiously, Defendants' response to Mr. Dodson's motions for summary judgment is also silent on this argument. Their failure to respond does not, however, foreclose the matter. *Cf. F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) ("[E]ven where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists.").

6

(*Id.*) In Mr. Dodson's view,

> Defendants hid this ground under the ruse of extensive victimization in the Decision and Minutes form. Plaintiff would not have been aware of the meaning except for receiving his parole file. Defendants did not provide actual meaning. . . . They simply withheld the information and placed that information in parole record which they knew inmates won't have access to.

(*Id.*, 7–8.)

The record belies Mr. Dodson's allegations. "Due process in parole proceedings is satisfied as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole." *Swihart v. Wilkinson*, 209 F. App'x 456, 459 (6th Cir. 2006) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 19 (1979)). As to the grounds for denial of parole purportedly withheld from the Minutes Sheet, but which appear in the Vote Sheet, they are captured in the Vote Sheet's summary conclusion, which is reproduced near-verbatim on the Minutes Sheet:

> Inmate Dodson has been assessed as having an Elevated Risk for reoffending. Inmate Dodson's case is aggravated by the case-specific factors of violence, brutality, multiple occurrences, multiple victims, and extensive victimization. In the Interest of Justice, inmate Dodson has not served sufficient time on his convictions. Inmate Dodson has completed some relevant programs to address his risk factors for re-offending; However, the Serious Nature of the Crimes and the aggravating circumstances in the offenses do outweigh the efforts presented by inmate Dodson. The aggravating circumstances in this case lead the Board to conclude that release would demean the seriousness of the offenses and not further the interest of justice. After weighing relevant factors, the board does not consider the Inmate suitable for release at this time and assesses a three year continuance.

(ECF No. 81-6, PAGEID # 817. *See also* ECF No. 81-6, PAGEID # 813.) As to the grounds for denial of parole that were purportedly obfuscated, the Court has no basis—let alone a reasonable one—to infer that Defendants were anything short of fully candid with Mr. Dodson as to the reasons for their denial.[2] Mr. Dodson was informed of the basis upon which he was denied parole, in satisfaction of his due process rights.

Mr. Dodson's objection related to the alleged failure of the Parole Board to inform him of the reasons for denial is **OVERRULED**.

### B. The Magistrate Judge accurately stated and appropriately applied the *Keith* standard.

Mr. Dodson next takes issue with the Magistrate Judge's application of the law set forth in *Keith*. The Court finds no error in the Magistrate Judge's statement and application of the law. As the Magistrate Judge explained:

> A prisoner has no federal constitutional right to parole. *See* [*Greenholtz*, 442 U.S. at 7] ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). "'[T]he [S]tate of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system.'" *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012) (quoting *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007)). But Ohio law "create[s] a minimal due-process expectation that the information [in an inmate's parole file] will actually and accurately pertain to the prisoner whose parole is being considered." [*Keith*, 141 Ohio St.3d at 381]; *see Jergens*, 492 F. App'x at 570. Thus, "even though Ohio prisoners have no liberty interest in parole itself, they do possess a liberty interest in being free from 'parole decisions . . .

---

[2] To the extent that Mr. Dodson argues he was not informed that the Parole Board was aware of, or considered, his victim's intellectual disability, subsequent pregnancy, or release of the child for adoption in pre-2018 parole hearings, the argument is not properly before the Court. Mr. Dodson's Fourteenth Amendment claims concerning the Parole Board's pre-2018 decisions were dismissed as incapable of redress. (*See* ECF No. 31, 18. *See also* ECF No. 39, 4.)

8

made in reliance on information that the Parole Board [knew was] inaccurate or ha[d] reason to know [was] inaccurate.'" *Jackson v. Hudson*, No. 2:18-cv-1319, 2019 WL 3521745, [at] *3 (S.D. Ohio Aug. 2, 2019) (Watson, J.) (quoting *Kinney v. Mohr*, No. 2:13cv1229, 2015 WL 1197812, at *4 (S.D. Ohio 2015) (Marbley, J.)).

What controls determination of whether the parole board or the Ohio Adult Parole Authority (OAPA) relied on information it knew, or had reason to know, was inaccurate? *Keith* is instructive. The Ohio Supreme Court explained in *Keith* that the parole board was not required to "conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy . . ." and it was not required to "credit every unsupported allegation by a prisoner that the information is inaccurate." 141 Ohio St.3d at 380. "But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." *Id.* The Ohio Supreme Court observed that Keith presented more than mere allegations; he "made a showing that there may be *substantive errors* in his record that may influence the OAPA's consideration of his parole." *Id.* at 381 (emphasis added). The substantive error in Keith's parole record indicated he had been paroled eight times when he had been paroled only six times. The remedy: an Order requiring the OAPA to "conduct an investigation into Keith's allegations and correct any *substantive errors* in the record it uses to consider him for parole." *Id.* at 381 (emphasis added).

In a more recent parole-due-process case, the Ohio Supreme Court provided insight into what amounts to "substantive error": "The question is whether the alleged error, supported by evidence, may have affected the outcome of the parole hearing." *State ex rel. Cobb v. Ohio Adult Parole Auth.*, 155 Ohio St.3d 527, 530 (2018). "'[S]ubstantive error' in this context to mean 'substantial error,' or 'an error that affects a party's substantive rights or the outcome of the case and, as a consequence, may require reversal on appeal.'" *Al'Shahid v. Hudson*, 2:18cv33, 2020 WL 469876, at *5 (S.D. Ohio 2020) (Deavers, M.J.) (quoting *Cobb*, 155 Ohio St.3d at 529).

In the end:

> The OAPA has and retains wide-ranging discretion in parole matters. A prisoner lacks any constitutional or statutory right to parole. However, having established a parole system, and having put in place statutory and regulatory language requiring the OAPA to consider

9

> relevant information regarding a prisoner it is considering for parole, the state has created a minimal due-process expectation that the information will actually and accurately pertain to the prisoner whose parole is being considered.

*Keith*, 141 Ohio St.3d at 381.

(ECF No. 122, 6–8.)

Applying *Keith*, the Magistrate Judge concluded that Mr. Dodson had not made "credible allegations, supported by evidence," that any information in his parole record was inaccurate, or that Defendants knew or should have known that any such information was inaccurate. (*See, e.g., id.*, 11 ("Dodson does not otherwise rely on *affirmative or probative evidence* that indicate Defendants knew, or reasonably should have known, his victim [did not have] an intellectual disability.") (emphasis added); 12 ("[Dodson] fails to point to *evidence* within or outside his parole records sufficient to either cast doubt on his victim's statements or create a reasonable inference that Defendants knew, or should have known, her information was false.") (emphasis added); 14 ("Dodson has not . . . produced *evidence* upon which a jury could reasonably conclude that in 2018, Defendants denied him parole in 2018 based on information they knew, or should have known, was false.") (emphasis added); 14 ("[T]here is no *evidentiary* support for Dodson'[s] assertion that the 2018 Parole Board relied on false information concerning a purported domestic-violence conviction.") (emphasis added); 15 ("Dodson . . . has not presented *affirmative evidence* tending to show that the Parole Board relied on false facts when it considered the case-specific factors of violence, brutality, and extensive victimization of the crimes he committed.") (emphasis added); 16 ("Dodson has not

10

presented any . . . *evidence* indicating that his parole records contain false information about his termination from the Comprehensive Sex Offender Program.") (emphasis added).)

Mr. Dodson's objections center on the Magistrate Judge's insistence that the alleged inaccuracies in his parole record be backed by proof. The objection is without merit. The Ohio Supreme Court was clear that the OAPA need not "conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy," or "credit every unsupported allegation by a prisoner that the information is correct." *Keith*, 141 Ohio St.3d at 380. Instead, "where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." *Id*. As the Magistrate Judge correctly concluded, Mr. Dodson failed to put forth credible allegations, supported by evidence, of inaccuracies in his parole record.

Mr. Dodson's disagreement with the Magistrate Judge as to the weight of the "evidence" he does proffer—including the absence of a conviction under Ohio Rev. Code §§ 2907.02(A)(1)(c), 2903.11, or 2903.13(A), an affidavit stating his own belief that he did not impregnate his victim, a letter indicating the birthdate of the child born therefrom, and a thickheaded soliloquy demonstrating a failure to acknowledge that his crimes were indeed violent and brutal[3]—finds no purchase

---

[3] The language of Mr. Dodson's argument is jarring, and warrants reproduction here for context:

11

with the Court. (*See* Objs., *generally*. *See also* ECF No. 125.) His further concern that the law, as applied by the Magistrate Judge, would permit the OAPA to litter prisoners' parole records with inaccurate information is misplaced. (*See* Objs., 18. *See also* ECF No. 130-2, 4.) *Keith* leaves no room for such misconduct. Instead, it imposes an affirmative obligation on the OAPA to exclude known inaccuracies from consideration.

Mr. Dodson's objections related to the statement and application of *Keith* are **OVERRULED**.

## IV. CONCLUSION

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Mr. Dodson's objections to the Report and Recommendation are without merit. The Court therefore **OVERRULES** Mr. Dodson's objections and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. Accordingly:

- Defendants' Motion for Summary Judgment (ECF No. 83) is **GRANTED**;

- Mr. Dodson's Motions for Summary Judgment (ECF Nos. 109, 110) are **DENIED**;

---

The Magistrate used as an example, the claim that plaintiff was talking about killing the victim (how is this violent or brutal?); started to throw victim out of window but did not (how is this brutal?); forced vaginal intercourse (how is this violent and brutal?) While plaintiff admit that rape (forced intercourse) is terrible and should have never happened to the victim for which I truly apologize, however, I did not beat her, I did not cause any physical harm, no hospital stay, I forced intercourse on her.

(Objs., 14.)

12

- Mr. Dodson's Motion Requesting Leave to Submit and Argue in his Motion for Summary Judgment New Evidence Discovered in Defendants' Summary Judgment Motion (ECF No. 103) is **GRANTED** to the extent his arguments have been considered, and otherwise **DENIED**;

- Mr. Dodson's Motion to Seek Further Discovery Pursuant to Fed. R. Civ. P 56 (ECF No. 106) is **DENIED**; and

- Mr. Dodson's Objection to and Request to Strike Defendants' Response in Opposition to his Motion for Summary Judgment (ECF No. 119) is **OVERRULED** and **DENIED** as moot.

Further, as to the motions filed after publication of the Report and Recommendation:

- Mr. Dodson's Motion for Leave to Supplement the Summary Judgment Record Pursuant to Fed. R. Civ. P. 56(e)(1) (ECF No. 125) is **GRANTED** to the extent his arguments have been considered, and otherwise **DENIED**;

- Mr. Dodson's Motion for Leave to File Out of Time Reply and Objection to Defendants' April 16, 2021 Response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 130) is **GRANTED** to the extent his arguments have been considered, and otherwise **DENIED**; and

- Mr. Dodson's motions pertaining to the May 17, 2021 decision of the OAPA (ECF Nos. 131, 132) are **DENIED**.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order and **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**